## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2020, 8:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Henson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 29, 2020

Court of Appeals Case No.
20A-CR-948

Appeal from the Madison Circuit Court

The Honorable Angela G. Warner Sims, Judge

Trial Court Cause No.
48C01-1704-F4-916

**Najam, Judge.**

# Statement of the Case

[1] Thomas Henson appeals his sentence following his conviction for child molesting, as a Level 4 felony. Henson raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

[2] In late 2015 or early 2016, E.F., who was then eight years old, and her family moved to a house next door to Henson in Anderson. E.F. lived with her parents, V.S. and S.W., and her three younger siblings. Henson befriended E.F. and her family, and he regularly attended family gatherings at E.F.'s house. Henson quickly became "a regular part of [the family's] daily life." Tr. at 127. S.W. described Henson as "like family." *Id.* Henson helped V.S. with house maintenance projects, and Henson sometimes babysat E.F. and her siblings. At some point, Henson became "more forceful" with respect to "wanting to be around [the] children a lot," which made S.W. "very uncomfortable." *Id.* at 130.

[3] In early August 2016, a few days after E.F.'s birthday, Henson came to see E.F. to give her some birthday money. V.S. was mowing the lawn, and S.W. was inside the house. Henson, E.F., and her siblings were in the garage. Henson told E.F.'s siblings to hide behind a bar in the garage, and they complied. Henson then took a dollar bill, reached into E.F.'s shirt, and placed the dollar bill inside E.F.'s bra. Henson then began rubbing E.F.'s "private spot below

[her] hips" through her clothing making "circles" with his thumb. *Id.* at 93-94. Shortly thereafter, V.S. entered the garage and saw E.F. standing very close to Henson "in between his lap." *Id.* at 160. When she saw V.S., E.F. "jumped back," and Henson tried to start a conversation with V.S. as though nothing had just happened. *Id.* V.S. told E.F. and the other children to go inside the house, and he told Henson to go home.

[4] V.S. then told S.W. what he saw and what he "thought might have been going on." *Id.* at 162. V.S. and S.W. talked to E.F. about what had happened. E.F. was "reluctant" to talk about the incident because she "didn't want to get [Henson] in trouble." *Id.* at 140. Finally, in October, they called the police to report the molestation. And, on October 21, E.F. talked to a forensic interviewer, Kelsey Weber, at Kids Talk.

[5] The State charged Henson with child molesting, as a Level 4 felony. Following a bench trial, the trial court found Henson guilty as charged. At sentencing, the court identified as aggravating factors Henson's criminal history, including multiple prior child molesting convictions, and his violation of a position of trust. The court did not identify any mitigators. The court imposed the maximum sentence of twelve years executed. This appeal ensued.

## Discussion and Decision

[6] Henson contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the

offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] The sentencing range for a Level 4 felony is two years to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5 (2020). Here, the court identified as aggravating factors Henson's criminal history and his violation of a position of trust with E.F. The court did not identify any mitigating factors. The court imposed the maximum sentence of twelve years.

[9] On appeal, Henson contends that his sentence is inappropriate in light of the nature of the offense because "[t]he offense [does] not fall in the category of [the] worst offense for level 4 child molesting. There was nothing about the crime at issue which made it more serious than other level 4 sex crimes involving children." Appellant's Br. at 11. Further, he asserts that he "did not physically harm the girl nor did he threaten her with physical injury to keep her silent. It was not an ongoing series of acts of misconduct." *Id.* at 12. And Henson contends that his sentence is inappropriate in light of his character because he has "many positive characteristics" as described in the letters of support he submitted to the court from friends. *Id.* at 13. Henson maintains that he can be rehabilitated.

[10] However, Henson has not met his burden on appeal to demonstrate that his sentence is inappropriate. With respect to the nature of the offense, Henson used his position of trust with E.F. to get close enough to her to molest her.

Henson has not presented compelling evidence portraying the nature of the offense in a positive light. *See Stephenson*, 29 N.E.2d at 122.

[11] As to his character, Henson has a significant criminal history. In 1999, Henson was convicted of ten counts of child molesting, as Class B felonies; five counts of sexual misconduct with a minor, as Class B felonies; one count of sexual misconduct with a minor, as a Class C felony; and one count of theft, as a Class D felony. Henson's brazen misconduct in this case reveals that he has not learned from or been rehabilitated by his convictions, lengthy incarceration, and probation for his previous sexual offenses involving a minor. We cannot say that Henson's sentence is inappropriate in light of his character. We therefore affirm Henson's maximum sentence.

[12] Affirmed.

Bradford, C.J., and Mathias, J., concur.